(No. 25965.—■)

EUGENE E. FINN *et al.* Appellees, *vs.* ZILPHIA JANE WILLIAMS, Appellant.

*Opinion filed February 18, 1941—Rehearing denied April 8, 1941.*

ELMER E. VAIL, and ANTHONY J. MANUELE, for appellant.

ROSCOE BONJEAN, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

February 16, 1895, Charles H. Williams owned a tract of land in Salisburg township, in Sangamon county, consisting of approximately 140 acres. On the day named, Williams conveyed 39.47 acres to Thomas J. Bacon. In 1937, the plaintiffs, Eugene E. Finn and Curtis Estallar Finn, acquired the title to this tract. The defendant, Zilphia Jane Williams, inherited the remaining 100 acres. By their complaint filed in the circuit court of Sangamon county, plaintiffs charge that the nearest and only available means of egress from and ingress to their land to a highway and to any market for their livestock and crops is by means of a right-of-way over defendant's tract immediately to the north; that their tract is not located or situated on any public highway and is entirely surrounded by land of strangers and the defendant's tract; that prior to and during all the time the forty acres and the one hundred acres constituted one tract and were owned by defendant's husband, the only means of ingress and egress to and from the single tract to a highway was by right-of-way in a northerly direction through a third tract· of land north and adjacent to the present tract of defendant, and that this open road is still used by defendant as her

only means of egress and ingress from and to the highway. The relief sought was the declaration of a right-of-way easement of necessity from the north line of plaintiffs' tract through the defendant's tract, to the beginning of the right-of-way road through the third tract mentioned. Answering, the defendant admitted that plaintiffs' land is not located or situated on any public highway but averred that since its severance from her land it is and has been located on a private road leading to the south to a public highway. This averment, plaintiffs denied. Evidence was heard, and a decree rendered adjudging the plaintiffs to be the owners of a right-of-way easement of necessity over defendant's one hundred acres, as alleged. Defendant appeals directly to this court, a freehold being involved.

A procedural question requires initial consideration. Plaintiffs have moved to dismiss the appeal on the ground, among others, that the record was filed too late. Notice of appeal was filed by defendant in the office of the clerk of the circuit court on June 20, 1940, within the prescribed period of time. Thereafter, on August 6, the trial judge extended the time for filing a report of the proceedings to September 15, 1940. The record was filed with the clerk of this court on September 19. Rule 36, paragraph 1(c), of this court, (370 Ill. 38) provides that the report of the proceedings at the trial shall be filed in the trial court within fifty days after the appeal has been perfected. Paragraph 2(a) of rule 36 (370 Ill. 40) provides that the record on appeal shall be transmitted to the reviewing court not more than sixty days after notice of appeal has been filed. It thus appears that a ten-day differential exists with respect to filing the report of the proceedings in the trial court and the filing of the record of appeal in the reviewing court. Paragraph 2(a) of rule 36, *supra,* provides, further, that in the event a judge of the trial court extends the time for filing the report of the proceedings at the trial

the time within which the record on appeal shall be transmitted to the reviewing court shall be correspondingly extended. The order extending the time for filing the report of proceedings in the trial court to September 15, 1940, correspondingly extended the time for filing the record in this court to September 25, 1940. Since the record was filed on September 19, 1940, plaintiffs' motion must be denied.

Private permissive ways of ingress and egress over the land of strangers both to the east and to the south have been available to the successive owners, including plaintiffs, of the forty-acre tract since its severance from the one hundred-acre tract of the defendant in 1895, but each of the private ways over the lands of the adjoining strangers has been closed and, as defendant concedes, these permissive means of ingress and egress do not now exist. Two witnesses for defendant who had lived near the property in controversy for about sixty years testified to roads leading to the south and to the east from the forty-acre tract over the land of strangers. These roads were private roads over the property of strangers, and are now closed. Nathan Woodrum, defendant's son-in-law, testified that he had until recently lived on the one hundred-acre tract, and that a road through defendant's land connects with the road through the tract at the north, and that the road through this third tract is the only mode of access to the highway unless permission be obtained to go through the land of strangers. Since May, 1939, defendant has refused to permit plaintiff to travel further over the right-of-way through her tract. As a result of defendant's action, the plaintiffs have been unable to take their livestock and farm products to market, have had no means of egress from or ingress to their forty acres on which they live, and have had to walk to the township highway, a distance of about three-quarters of a mile, carrying such produce as they could.

The evidence does not sustain defendant's averment that plaintiffs have the use of a private road leading to the south to a public highway and defendant, by her concession that a present necessity exists, has apparently abandoned this claim. She maintains, however, that the necessity has arisen by reason of changed circumstances since the severance of the two tracts. Firmly established principles control. (Where an owner of land conveys a parcel thereof which has no outlet to a highway except over the remaining lands of the grantor or over the land of strangers, a way by necessity exists over the remaining lands of the grantor.) (17 Am. Jur. (Easements) sec. 48; *Trapp* v. *Gordon*, 366 Ill. 102; *Gilfoy* v. *Randall*, 274 id. 128.) If, at one time, there has been unity of title, as here, the right to a way by necessity may lay dormant through several transfers of title and yet pass with each transfer as appurtenant to the dominant estate and be exercised at any time by the holder of the title thereto. (17 Am. Jur. (Easements) secs. 49, 127; *Logan* v. *Stogsdale*, 123 Ind. 372.) Plaintiffs' land is entirely surrounded by property of strangers and the land of the defendant from which it was originally severed. A right-of-way easement of necessity was necessarily implied in the conveyance severing the two tracts in 1895, and passed by *mesne* conveyances to plaintiffs in 1937. The fact that the original grantee and his successors in interest have been permitted ingress to and egress from the forty acres over the land owned by surrounding strangers is immaterial. When such permission is denied, as in the present case, the subsequent grantees may avail themselves of the dormant easement implied in the deed severing the dominant and servient estates.

The decree of the circuit court is right, and it is affirmed.

*Decree affirmed.*