(No. 33241.—)

Rassie E. Walker *et al.*, Appellees, *vs.* Ambrose Witt, Appellant.

*Opinion filed October 25, 1954.*

JENKINS, OLSEN & CANTRILL, of Springfield, (HAROLD M. OLSEN, of counsel,) for appellant.

REDMON, SMITH & HULL, of Decatur, and BROWN, HAY & STEPHENS, of Springfield, (MARVIN D. JORGENSEN, and PAUL W. GORDON, JR., of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is an appeal from two judgment orders of the circuit court of Sangamon County. The first order, entered on July 9, 1953, pursuant to plaintiffs' motion for judgment on the pleadings, found the defendant, Ambrose Witt, guilty of trespass on the lands and crops of the plaintiffs and ordered that a jury be impaneled for the purpose of determining damages. The second order, entered on January 29, 1954, after a jury had been waived, awarded the plaintiffs actual damages in the amount of $34 and exemplary damages in the amount of $315.

The dispute which occasioned the suit concerned the use made by the defendant of a fifteen-foot strip of land belonging to the plaintiffs as a means of ingress and egress for the purpose of cultivating and farming an adjacent tract of land owned by the defendant. The existence of an easement being in issue, a freehold is involved and this court has jurisdiction on direct appeal.

Since the first order was entered pursuant to plaintiffs' motion for judgment on the pleadings, we shall state and consider only those allegations of the plaintiffs which were admitted by the defendant, the affirmative allegations of the defendant, and certain admissions of facts elicited as a result of plaintiffs' request for admission of facts filed in accordance with Rule 18 of this court. For both parties

agree that judgment on the pleadings is only proper in those cases where the pleadings admit of no other conclusion, irrespective of what evidence may be introduced.

The plaintiffs own a tract of farm land in Sangamon County, containing 20 acres and described as follows: the N½ of the NW¼ of the SW¼ of Section 23, Twp. 17 North, Range 2 West of the Third P.M. Along the west side of this land, which we refer to as tract A, runs a public road.

The defendant owns 80 acres of land which adjoins the plaintiffs' said land on the east and is described as follows: the E½ of the SW¼ of Section 23, Twp. 17 North, Range 2 West of the Third P.M. This land, which will be referred to as tract B, is completely landlocked, it not being adjacent to any public road. However, the defendant claims an easement by implication over the north fifteen feet of tract A in order to have an ingress and egress to tract B.

In 1942 the United States of America acquired title to all of section 23, which included both of said tracts. On January 3, 1946, the United States conveyed tract A to the plaintiffs' predecessors in title, and on that date the United States still owned other land in section 23 which was adjacent to and bordered by public highways on two different sides of said section. Eleven days later, on January 14, 1946, the United States conveyed tract B to defendant's predecessor in title, still owning other land in said section which bordered upon two public highways.

On June 20, 1952, and on other occasions prior thereto, the defendant drove a farm tractor and other farm machinery over said fifteen-foot strip on tract A for the purpose of getting to and from tract B, destroying crops of the plaintiffs planted in said strip and for which the plaintiffs brought this instant suit for damages. The plaintiffs claimed said acts constituted trespasses, and the trial court

sustained their position. The defendant contends he was not trespassing but had an easement by implication over said land. In support thereof he alleges the following: that at the time the government of the United States acquired title to tract B, and for more than forty years prior thereto, the owner or owners of said tract used said fifteen-foot strip of land as a means of ingress and egress to tract B; that at all times prior to the time the United States acquired title and during the time the United States held title to tract B, the said fifteen-foot strip of land was a permanent, open, visible, and apparent means of ingress and egress to tract B; that at the time the defendant purchased tract B no other lane or roadway was then used or available as a means of ingress and egress to said tract, and said lane or roadway over the fifteen-foot strip was then and is now necessary to the enjoyment and use of said tract; that no other means of ingress or egress is presently available to tract B; that said lane or roadway has at all times mentioned been used as a permanent, open, visible and apparent means of ingress and egress and that such a means of ingress and egress is essential and necessary for the use and enjoyment of tract B; that at the time the defendant purchased tract B the seller informed him that the said lane or roadway over tract A was used as a means of ingress and egress in the use and enjoyment of tract B; that at the time of said purchase said lane or roadway was then visible, apparent and open, and by reason thereof and with the expectation that said lane or roadway would continue to be available to him as a means of ingress and egress, he purchased tract B; that subsequent to said purchase by the defendant, one of the plaintiffs took possession of tract B as tenant of the defendant, and during all of said tenancy the said plaintiff used said fifteen-foot strip of land as a means of ingress and egress to tract B; that the defendant now has no other means

of ingress and egress available to him in the enjoyment and use of tract B; that he has no means of establishing on lands of his own ingress and egress to tract B; that it would be necessary for him, in order to establish another means of ingress and egress, to go upon the lands of another; that no other means of ingress and egress were at the time of his purchase of tract B, nor are they now, permanent, visible, open and apparent; and that a new lane or roadway would have to be established upon the lands of another in order to provide means of ingress and egress to said tract B, all at great expense and inconvenience to the defendant.

The defendant argues on this appeal that he acquired an easement on the fifteen-foot strip of land by implied grant and that judgment on the pleadings was not proper. The plaintiffs contend that even if such an easement as claimed by the defendant existed prior to the time title to both tracts merged in the government, such merger destroyed the easement, and when the government sold the land such easement was not revived nor did it pass by implication.

As has been stated, from July, 1942, to January, 1946, the United States owned both of the tracts of land in question. Since it is fundamental that one can not have an easement in his own land, an easement of one part with respect to another does not arise, if at all, until there is a severance of ownership. (*Traylor* v. *Parkinson,* 355 Ill. 476; *VanPatten* v. *Loof,* 349 Ill. 483.) Therefore, whether an easement was created by implication in tract A (the alleged servient estate) must be determined as of the time it was severed from the other land of the grantor, which was January 3, 1946. Thus, in order to sustain his position, the defendant's allegations must show that as of January 3, 1946, the United States had an easement by implication in tract A entitling it to use the north fifteen feet thereof for purpose of ingress and egress to their land.

In *Carter* v. *Michel,* 403 Ill. 610, a case upon which the defendant mainly relies, the essential elements which must exist to create an easement by implication are stated at page 617 as follows: "(1) there must be a separation of title; (2) before the separation occurs, the use which would give rise to an easement must have been so long continued, obvious or manifest to that degree which will show the use was meant to be permanent; and (3) it is necessary that the use of the claimed easement be essential to the beneficial enjoyment of the land granted or retained."

In this case it is clear that the first two of the enumerated elements are satisfied, but it is not alleged by the defendant that as of January 3, 1946, the use of the claimed easement was essential for the beneficial enjoyment of the land retained by the United States. On the contrary, the defendant admits that at the time the United States sold tract A to the plaintiffs' predecessors in title, the government still had other land in the section which was adjacent to and bordered by public highways on two different sides of the section. Actually, the admitted facts establish that, as of the time tract A, a 20-acre piece of land located in the N½ of the NW¼ of the SW¼ of section 23, was conveyed by the government to plaintiffs' predecessors in title, the government still owned the entire remainder of the south half of said section. Moreover, there were public highways running along both the east and west sides of said section. Such being the case, the government had easy access to the land described as tract B over other land in said half section. It cannot, therefore, be said that the use of said fifteen-foot strip of land in tract A was essential or necessary to beneficial enjoyment of the land which it retained.

It is to be noted that the attempt here is to establish an easement by implied reservation, rather than by implied grant. While the cases, particularly the later ones, have not always distinguished between the two types of cases,

still there are many decisions wherein courts have taken the position that a grantor should not be permitted to claim an easement by implied reservation and thus derogate from his grant in the absence of showing a real necessity there-. for. (See: 34 A.L.R. 242; 100 A.L.R. 1327; 164 A.L.R. 1007.) This distinction does not prevail in the Illinois cases, and, as aforesaid, the degree of necessity required is not so strict, it being necessary only that "the use of the claimed easement be essential to the beneficial enjoyment of the land granted or retained." However, as we have pointed out, the defendant has not even shown this more liberal requirement to be satisfied, since it is undisputed that the government at the time it conveyed the alleged servient estate had easy and convenient access to the alleged dominant estate over other land which it owned in the section. See also *Traylor* v. *Parkinson,* 355 Ill. 476, and *Simonson* v. *Goldberg,* 338 Ill. 420, where this court has said that if available alternatives affording reasonable means of ingress and egress are shown to exist, an easement by implication is not sanctioned. ·

We do not agree with the defendant's argument that *Carter* v. *Michel,* 403 Ill. 610, is controlling here. For in that case the facts disclose a situation where the court could justifiably hold that the claimed passageway between the two city lots was necessary for the reasonable enjoyment of the dominant estate. Among other things, it was there established that the passageway, used as a common passageway for years even after the severance of ownership, represented the only way by which persons could gain access on level ground from the front of the lot to the rear of the lot or from the rear of. the lot to the front without trespassing upon the property of others or without going through the first-floor flat of the three-story building located thereon. No allegation showing a comparable inconvenience to the grantor is shown here, and it is clear from the admissions made that the number of ways avail-

able to the government over its own land to the alleged dominant estate after it conveyed the alleged servient estate was virtually without limit.

While there can be no question but that a person whose land is landlocked must be accorded an access to a public road, still, the defendant has not alleged facts showing a right to look to the plaintiffs for such access, especially in view of the fact that, where an owner of land conveys a parcel thereof which has no outlet to a highway except over the remaining land of the grantor or over the land of strangers, a way of necessity exists over the remaining lands of the grantor. *Finn* v. *Williams,* 376 Ill. 95; *Trapp* v. *Gordon,* 366 Ill. 102; *Gilfoy* v. *Randall,* 274 Ill. 128.

We conclude, therefore, that the trial court was correct in allowing plaintiffs' motion for judgment on the pleadings, and inasmuch as the defendant does not argue that the determination of damages was in error unless the court was incorrect in holding the defendant did not have an easement in said fifteen-foot strip, both judgment orders are correct and are accordingly affirmed.

*Judgment affirmed.*