WILLIAM J. SHIVE, Plaintiff-Appellant, v. TERRY W. SCHAEFER *et al.*,
Defendants-Appellees.

Fifth District   No. 5—83—0479

Opinion filed September 18, 1985.

HARRISON, J., dissenting.

14

George R. Ripplinger, Jr., of Ripplinger, Dixon & Hoffman, of Belleville, for appellant.

Pope & Driemeyer, of Belleville (Thomas F. Hennessy III, of counsel), for appellee Terry W. Schaefer.

William D. Stiehl, of Stiehl & Stiehl, of Belleville, for other appellees.

JUSTICE KARNS delivered the opinion of the court:

Plaintiff William J. Shive appeals from the judgment of the circuit court of St. Clair County granting defendants', Terry W. Schaefer, William D. Stiehl and Chicago Title and Trust Company, motions for summary judgment. Plaintiff's amended complaint had prayed for a decree entitling plaintiff to an easement of necessity across land which defendant Schaefer had contracted to purchase from codefendants William D. Stiehl and Chicago Title and Trust Company.

Plaintiff purchased 160 acres of land in 1952. Plaintiff conveyed 25 acres of this land to William D. Stiehl and Roy W. Levin in 1955. Plaintiff conveyed an additional 63 acres to Stiehl and Levin in 1957, including the parcel later conveyed to Schaefer. Stiehl and Levin held options to purchase plaintiff's remaining land, but they were never exercised. The tracts purchased by Stiehl and Levin were developed into a residential subdivision. The land retained by plaintiff has remained undeveloped. One of the developed tracts, purchased in 1957 by Stiehl and Levin and sold to Schaefer, is the site of Schaefer's residence built in 1982. As a result of the second conveyance to Stiehl and Levin, plaintiff alleges that his remaining property is inaccessible by public or private roadways, although it is obvious from exhibits in evidence that it abuts the land of other owners in all directions and would have access to public roads through these lands and through the property of other grantees of Stiehl and Levin. Plaintiff asserts that he did not realize the accessibility problem for several years after the 1957 sale.

In 1960, after realizing that his retained tract was landlocked, plaintiff attempted unsuccessfully to negotiate an easement with Stiehl. Plaintiff later attempted to purchase from Stiehl property which included the tract now utilized by Schaefer, but the parties could not agree on a price. Plaintiff also attempted, again unsuccessfully, to negotiate an easement with the owner of another adjoining lot. Plaintiff had sporadically utilized the Schaefer tract and other abutting property as a means of access to plaintiff's property, crossing the Schaefer tract "by jeep, hayrack or on foot at least once a year."

The original plans for the subdivision display a roadway transversing Mr. Schaefer's residential tract, an extension of what is presently Powder Valley Drive, and connecting with the property retained by plaintiff. This roadway apparently followed the path of a road which existed at the time of plaintiff's initial purchase of the property in 1952, but which never extended to the boundary of plaintiff's present land. Neither the engineering drawings commissioned by the original developer nor the official subdivision plat display this extension of Powder Valley Drive.

Plaintiff's amended complaint stated that, since his purchase of the 160 acres in 1952, it has been plaintiff's intention to sell all of the property for development as residential estates, and that this fact was known to Stiehl and Levin at the time they purchased their first 25 acre tract in 1955. Plaintiff further stated that, in order to comply with the zoning ordinances of St. Clair County, an easement 50 feet in width is necessary to allow plaintiff's remaining property to be developed for single family residential estates. Plaintiff prayed for a decree declaring his ownership of such an easement extending from Powder Mill Road to plaintiff's property, and enjoining defendant Schaefer from completing construction of a building in this path. The trial court denied plaintiff's motion for preliminary injunction, and Schaefer has completed his home. The original route proposed by plaintiff extending Powder Valley Drive is now precluded by Mr. Schaefer's dwelling. The trial court granted defendants' motions for summary judgment, stating that there existed no genuine issue regarding any material fact, and that defendants were entitled to judgment as a matter of law. From this judgment plaintiff appeals.

■ Implied easements, or easements by necessity, as they are often referred to, are created when three conditions are satisfied: (1) ownership of the dominant and servient estate by a common grantor prior to severance of title; (2) use of the servient estate prior to separation in an obvious, continuous and permanent manner; and (3) necessity of the easement for the beneficial enjoyment of the dominant estate. The easement is created, if at all, at the time of the severance of the dominant and servient tracts. *Rinderer v. Keeven* (1980), 90 Ill. App. 3d 34, 412 N.E.2d 1015; *Miller v. Schmitz* (1980), 80 Ill. App. 3d 911, 400 N.E.2d 488.

We find that plaintiff's status as the common grantor at the time of the severance defeats his claim, as it removed all necessity for the creation of the easement. When the property now owned by Schaefer was conveyed to Stiehl and Levin as part of a tract of approximately 40.83 acres in 1957, numerous means of access to plaintiff's retained

land existed. Plaintiff simply created his own problem by voluntarily conveying away all means of access to his retained property in 1955 and 1957. As the court noted in *O'Hara v. Chicago Title & Trust Co.* (1983), 115 Ill. App. 3d 309, 319, 450 N.E.2d 1183, 1190, plaintiff's irresponsible action created his own necessity, and Schaefer should not be deprived of the full use and enjoyment of his property which he acquired in 1982.

The question of easements by necessity, or implication, the term used in the Restatement of Property (Restatement of Property secs. 474 through 476 (1944)), has been before the Illinois courts on numerous occasions. We can find no case when such an easement has been found in favor of an owner of a large tract who voluntarily conveys all means of access to his retained land. Shive is not a grantee; he is the common grantor. He began selling his land to defendants Stiehl and Levin in 1955. He continued to do so until he had conveyed all convenient means of access to his retained land.

■ The Restatement of Property states that one of the factors to consider in determining whether the circumstances imply an easement by implication is whether the claimant is the conveyor or the conveyee. (Restatement of Property sec. 476(a) (1944).) The easement arises as an inference of the intention of the parties. (*Luthy v. Keehner* (1980), 90 Ill. App. 3d 127, 412 N.E.2d 1091.) All doubts as to the existence of the easement are resolved in favor of the conveyee and against the conveyor, who has the power to protect his interest by a reservation of access in the instrument of conveyance. (Restatement of Property sec. 476, comment c, at 2979 (1944).) While the Restatement states that an easement by implication may exist in favor of the conveyor in the case of absolute necessity (Restatement of Property sec. 476, comment g, at 2983 (1944)), our research discloses no case in Illinois, nor any other jurisdiction, where such an easement has been implied in favor of a conveyor.

■ If the existence of an implied easement turns on the presumed intention of the parties, the admitted facts present here negate the existence of such an intention. Plaintiff realized as early as 1960 that he had conveyed away convenient access to his retained land. He negotiated with defendant Stiehl and another abutting property owner to purchase an easement that he felt was beneficial to him. He did nothing further for a number of years. It would be an injustice to allow plaintiff to select at this late date a particular abutting property upon which the owner has constructed a residence, convenient only to the plaintiff, as a means of access to his retained land.

It is obvious from the exhibits in evidence that plaintiff has the

possibility of access through other adjoining land. Although these means may not be his choice, "if an alternative to the easement which might otherwise be implied can be secured, the implication becomes subject to control by other circumstances. Thus, the expense and effort necessary to secure a substitute by the conveyor may not be so disproportionate but that it may be assumed he was intended to suffer it, while like expense to the conveyee may warrant the inference that he was not intended to suffer it. While necessity alone justifies the inference of an easement without regard to other circumstances if the land cannot be used without it, as necessity decreases a point is reached where necessity without reference to any prior use may justify the implication of an easement in favor of the conveyee though a like necessity would not justify an implication in favor of the conveyor." (Restatement of Property sec. 476, comment g, at 2984 (1944).) It is also important to note that plaintiff never developed any of his retained land since its acquisition in 1952. Restatement of Property sec. 476, comment i, at 2986 (1944).

Plaintiff argues that summary judgment was not proper because genuine issues of material fact remain undecided; however, the matter was one for the ultimate decision of the court sitting without a jury. It appears to us that the pleadings and affidavits contain all the evidence that could be adduced at trial. The facts are uncontroverted, with the possible exception of the intention of the parties. But the "intention" of the parties is largely a fiction (see Restatement of Property sec. 476, comment a, at 2978 (1944)), and can only be determined by an objective analysis of the conduct of the parties in dealing with the subject property. Here the acts of plaintiff, as distinguished from his self-serving assertion that he "intended" to reserve access to his retained land, in dealing with the property for a period in excess of 20 years, clearly support the trial court's determination that no implied easement existed in favor of the plaintiff. Plaintiff expected defendant Stiehl to purchase his entire tract. His subsequent repeated attempts to acquire access from Stiehl belie his belated claim of "intention" to reserved access by implication, certainly not over this particular parcel acquired by defendant Schaefer many years later and which plaintiff has selected as his preferred place of access after the property purchased by Stiehl has been developed into a residential subdivision over a period of many years.

The defendants have also raised the defense of *laches*, and while we believe this defense has merit on the admitted facts present here, we need not consider this defense for a proper resolution of this cause.

The judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

KASSERMAN, J., concurs.

JUSTICE HARRISON, dissenting:
I respectfully dissent.
The doctrine of implied easements is founded on the principle that where the owner of a single tract has arranged it so that one portion of the tract derives a benefit from another portion, and the owner sells one portion without mentioning these incidental uses, the purchaser takes the portion sold with all benefits and burdens which appear at the time of the sale. (*O'Hara v. Chicago Title & Trust Co.* (1983), 115 Ill. App. 3d 309, 317, 450 N.E.2d 1183.) As noted by the majority, three conditions must ordinarily be present in order for a court to find an easement by implication: (1) ownership of the dominant and servient estates by a common grantor, followed by separation of title; (2) use of the easement prior to separation in an apparent, obvious, continuous and manifestly permanent manner; and (3) necessity of the easement for the beneficial enjoyment of the dominant estate. *Miller v. Schmitz* (1980), 80 Ill. App. 3d 911, 913, 400 N.E.2d 488.

In the instant case, there is no question with regard to elements (1) and (3). With regard to element (2), there is evidence to support plaintiff's contention that a road did in fact exist prior to the separation of title in 1955 (though it does not appear that the road extended all the way to plaintiff's present retained tract), and that plaintiff utilized the road. Even the absence of this second element, however, would not defeat plaintiff's claim. Although prior use by the conveyor is a relevant factor in determining whether an easement is necessary to the conveyor's beneficial enjoyment of his retained property, this court has adopted the position of the Restatement of Property that proof of prior use is not required when the retained property cannot presently be used without an easement. (*Miller v. Schmitz* (1980), 80 Ill. App. 3d 911, 914, 400 N.E.2d 488.) Comment g to section 476 of the Restatement of Property states:

> "If no use can be made of land conveyed or retained without the benefit of an easement, it is assumed that the parties intended the easement to be created. This is true not only where it is claimed by the conveyor but also where it is claimed by the conveyee. It is assumed that the parties could not have in-

tended that the land retained by the conveyor should be useless in his hands, though the assumption may not have too firm a foundation in fact. The inference as to intention which is made is influenced largely by considerations of public policy in favor of land utilization. *** If land can be used without an easement, but cannot be used without disproportionate effort and expense, an easement may still be implied *** on the basis of necessity alone without reference to prior use." Restatement of Property sec. 476, comment g, at 2983 (1944); see also Burby, Real Property sec. 29 (3d ed. 1965).

Application of these principles to the facts of this case compels the conclusion that the court erred in entering summary judgment for defendants, as the plaintiff's complaint alleges that plaintiff cannot use his property without such an easement, and nothing of record establishes that such is not the case. Accordingly, I would reverse the summary judgment entered in favor of defendants, and would remand this cause for further proceedings.