4 May 2000

No. 2--99--0656 

 _________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_________________________________________________________________

WAYNE EMANUEL and KATHERINE     )  Appeal from the Circuit Court

EMANUEL,                   ) of Boone County.

) 

     Plaintiffs-Appellees, )

)

) 

v.                              )  No. 97--CH--52 

)

)

JOSE HERNANDEZ and LISA         )

HERNANDEZ, ) 

) 

Defendants and Third-Party ) 

Plaintiffs-Appellants      )

 ) 

(Kit E. Scheidenhelm and Carol  )  Honorable

L. Scheidenhelm, Third-Party    )  Gerald F. Grubb,

Defendants).                    )  Judge, Presiding.

_________________________________________________________________

JUSTICE BOWMAN delivered the opinion of the court: 

Defendants and third-party plaintiffs, Jose and Lisa Hernandez, appeal an order granting plaintiffs, Wayne and Katherine Emanuel, summary judgment (735 ILCS 5/2--1005(c) (West 1998)) on one count of a complaint for declaratory judgment.  The trial court ruled that plaintiffs have an easement by implication over defendants' property.  Defendants argue that the judgment cannot stand because plaintiffs failed to prove all the elements of either an easement by necessity or an easement by prior existing use.  We agree with defendants and reverse.

Plaintiffs own the property at 920 Pearl Street in Belvidere and defendants own the property immediately north of them at 914 Pearl Street.  Pearl Street is on the west side of the properties.  Other residential property is to the east.  The property line bisects a driveway, but most of the driveway is on defendants' land.  Plaintiffs' two-count complaint alleged in part that defendants had blocked the driveway with railroad ties and had begun constructing a fence on the property line so that plaintiffs could not use the driveway. Count I of the complaint sought an easement by prescription over the driveway.   Count II sought an easement by implication over the driveway.  

As pertinent specifically to count II, the complaint alleged the following.  Plaintiffs had owned the property at 920 Pearl since December 1965.  Defendants had recently acquired the property at 914 Pearl.  Originally, one person owned both properties.  Before title was separated, the use of the driveway to gain access to the garage was so long continued, open, and obvious as to show that it was intended to be permanent.  The use of the driveway is essential to the enjoyment of the property at 920 Pearl, as the driveway is the only way a car can get to the garage. 

Defendants answered and filed a third-party complaint against Kit E. and Carol L. Scheidenhelm, who sold them the property at 914 Pearl.  Plaintiffs moved for summary judgment on count II, attaching  affidavits from Wayne Emanuel, Ruth Garrigan, and John H. Maville.   Wayne Emanuel's affidavit stated the following. When plaintiffs took possession of the property in 1965, there was a driveway on the north side of the property.  The driveway served both 920 Pearl and 914 Pearl and an attached garage at the rear of his property.  The garage could be reached only via the driveway.  Since moving in, plaintiffs had several times shared the costs of improving or repairing the driveway with their neighbors at 914 Pearl Street. Emanuel no longer lived at 920 Pearl, but his tenants continued to use the driveway to get to the garage until early 1996, when defendants started to block the driveway.  Whoever lived at 920 Pearl could not get to the garage without using the driveway and, for much of the year, could not park on Pearl Street itself.  Therefore, without the use of the driveway, the property could not be used without disproportionate expense or effort.  Emanuel's affidavit attached photographs of the properties and a copy of the deed from the Garrigans to the Emanuels.

Ruth Garrigan's affidavit stated that she and her husband purchased the property at 920 Pearl Street in 1953.  At that time, at the rear of the house was an attached garage that could be reached via the driveway.  The Garrigans used the driveway the whole time they lived at 920 Pearl, and they shared upkeep costs with the occupants of 914 Pearl.

John H. Maville, plaintiffs' lawyer, filed an affidavit describing a variety of attached exhibits, primarily deeds showing the chains of title to the two properties.  As pertinent here, these deeds show that title to the properties was severed in 1890, when Benjamin Brock, who owned the west eight rods of lots 1, 2, and 3 in block 5 of Allen's Addition, conveyed the west eight rods of block 3--what is now plaintiffs' property--to Arthur E. Bassett.  (Defendants' property is the west eight rods of block 2.)  The affidavit also included a 1922 map prepared by the Belvidere public works department showing the locations of residences and garages on what are now plaintiffs' and defendants' properties.

In seeking summary judgment on count II, plaintiffs asserted that the undisputed facts demonstrated that they had an "easement by  implication."  Relying on  
Deem v. Cheeseman
, 113 Ill. App. 3d 876 (1983), plaintiffs argued that all they had to prove to establish such an easement was that (1) title to the properties had been severed at some point; and (2) at the present time, the easement was necessary so that plaintiffs' property could be used without disproportionate effort or expense.  Defendants countered that plaintiffs could not prevail because they had not shown a third element of such an easement--that, at the time of the severance of title, there was an existing use of the property that was of such a character that it would have survived as an easement by implication.  

Plaintiffs disagreed.  They did not claim they had proved that, before title was severed, there had been a use of the property akin to the easement they now sought.  However, they maintained that, under 
Deem
, no such proof of prior use was required if the easement was reasonably necessary to the beneficial enjoyment of plaintiffs' land. 

The trial court agreed with plaintiffs and held that, under 
Deem
, it was not fatal to the claim of an easement that plaintiffs had not shown either that their property was landlocked or "that the easement was created prior to the severance of the common ownership."  The court considered it sufficient that there had been a severance of title and that, at present, the easement was highly beneficial because, without it, plaintiffs could not use their garage.  Later, the trial court severed defendants' third-party action from this suit and added language making the grant of summary judgment in this case immediately appealable (see 155 Ill. 2d R. 304(a)).  Defendants timely appealed.

On appeal, defendants argue that plaintiffs were not entitled to summary judgment on count II of their complaint because plaintiffs failed to introduce evidence from which the court could find they had an easement by implication.  Defendants assert that there are two types of easement by implication--easements by prior use and easements by necessity--and that plaintiffs did not prove all the elements of either one.  We agree.

Summary judgment is proper when the pleadings, depositions, and other matters of record establish that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  735 ILCS 5/2--1005(c) (West 1998).  Our review is 
de novo
.  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 102 (1992).

An easement may be implied when the owner of property conveys or otherwise surrenders title to part of the property.  There
 are two types of implied easement--the easement by necessity and the easement implied from a preexisting use.  
Granite Properties Ltd. Partnership v. Manns
, 117 Ill. 2d 425, 435 (1987).  An easement by necessity arises when the owner of land conveys or retains an inner portion of the land thereof which is entirely surrounded by the rest of the property or by the property of strangers.  
Manns
, 117 Ill. 2d at 435-36; 
Finn v. Williams
, 376 Ill. 95, 99 (1941).  An easement from a prior existing use will be implied when the owner of a tract or of two parcels conveys part of the property after having used the land so that one part of the parcel derives from another a benefit that is apparent, continuous, and permanent.  
Manns
, 117 Ill. 2d at 436; 
Sheehan v. Sagona
, 13 Ill. 2d 341, 345 (1958); 
Canali v. Satre
, 293 Ill. App. 3d 407, 411 (1997).

It is crucial to recognize that an implied easement is the product of the intention of the parties to the conveyance.  
Manns
, 117 Ill. 2d at 437;  
Canali
, 293 Ill. App. 3d at 410; Restatement of Property §476, Comment 
a
, at 2978 (1944).  The easement is "implied" in that courts attempt to ascribe an intention to parties who themselves did not put any such intention into words at the time of the conveyance.  
Manns
, 117 Ill. 2d at 437; 
Canali
, 293 Ill. App. 3d at 410.
  Because the intention of the parties to the conveyance that severs title is  the crucial consideration, whether an easement exists depends wholly on the circumstances 
at the time of the severance of title
.  
Manns
, 117 Ill. 2d at 437; 
Walker v. Witt
, 4 Ill. 2d 16, 20 (1954); 
Seiber v. Lee
, 158 Ill. App. 3d 361, 369 (1987).  Thus, if an easement by implication does not arise at the moment of severance, a change in circumstances since the severance, no matter how great, cannot create any such easement.  
Rexroat v. Thorell
, 89 Ill. 2d 221, 230 (1982); 
Van Patten v. Loof
, 349 Ill. 483, 487 (1932). 

Applying these principles here, we conclude that plaintiffs did not prove an implied easement, either by necessity or by preexisting use.  Plaintiffs do not claim an easement by necessity, and the evidence clearly would refute any such claim.  Nothing in the record even suggests that, when title was severed in 1890, the Bassett property became landlocked.  Rather, it retained access to Pearl Street, a public road.  Thus, the necessity element is lacking, as the conveyance did not leave the Bassett property (now plaintiffs' property) wholly surrounded by the property of others.

We also conclude that the evidence does not support plaintiffs' claim of an easement by preexisting use.  The elements of this easement are (1) common ownership of the dominant and servient parcels and a conveyance or other transfer separating that ownership; (2) before the conveyance or transfer severing the unity of title, the common owner used part of the united parcel for the benefit of another part, and this use was apparent and obvious, continuous, and permanent; and (3) the claimed easement is necessary and beneficial to the enjoyment of the parcel conveyed or retained by the grantor or transferor.  
Manns
, 117 Ill. 2d at 437; 
La Salle National Bank v. 850 De Witt Place Condominium Ass'n
, 257 Ill. App. 3d 540, 547 (1994).  Here, plaintiffs plainly failed to establish, either by direct evidence or by inference, the second of these elements--the preexisting use.  

Plaintiffs introduced no evidence that the driveway or anything comparable even existed when Brock conveyed the property in 1890 or that Brock ever used what is now the driveway.  
A fortiori
, plaintiffs did not prove that, before the conveyance, Brock made an apparent, obvious, and continuous use of the part of the property he retained for the benefit of the part that he conveyed.  Indeed, insofar as the historical evidence tells us anything, it tends to refute any claim of a preexisting use.  Plaintiffs assert that the driveway is necessary for access to the garage, yet they concede that there is no evidence that the garage even existed before the 1920s.  It is a reasonably safe guess that, in 1890, no easement was necessary for automobile travel to and from what is now plaintiffs' property.  In short, there is simply nothing to suggest that, when Brock divided his property in 1890, he intended to give Bassett an easement across what remained of Brock's land.  

With no evidence to prove that the parties to the 1890 conveyance intended an easement, there is clearly no basis to award one to plaintiffs, even if present-day circumstances may make it desirable.  Plaintiffs failed to prove at least one element of an easement by preexisting use--
the
 preexisting use. 

However, plaintiffs maintain, and the trial court apparently agreed, that they did not need to prove a preexisting use as long as they proved that, as of the time of the suit, the claimed easement was reasonably necessary to the enjoyment of their property.  Apparently, the trial court concluded that plaintiffs needed only to prove (1) a severance of the unity of title and (2) some degree of present-day necessity for the claimed easement.  This conclusion is simply erroneous and cannot be squared with the long-standing law that an easement by preexisting use requires the proof of three elements--severance, use prior to severance, and necessity.  The trial court's decision is also irreconcilable with the logic behind these requirements: that an easement by implication depends on the intent of the parties at the time of the severance, and the claimant's proof must therefore relate to the circumstances at that time.

The trial court's error appears to have resulted from its reliance on 
Deem v. Cheeseman
, 113 Ill. App. 3d 876 (1983), which does seem to lend support to plaintiffs' recasting of the established requirements for an easement by implication.  We hold that, insofar as 
Deem
 supports plaintiffs' position, 
Deem
 is unsound and should not be followed.  

In 
Deem
, the  plaintiffs claimed an easement over the defendants' land.  The original owner of both parcels severed the title in 1854, long before the parties' dispute arose.  The appellate court first discussed whether plaintiffs had proved an easement by preexisting use.  
Deem
, 113 Ill. App. 3d at 882-84.  The court next considered, under 
Finn v. Williams
, 376 Ill. 95 (1941), whether the plaintiffs had proved they had an easement by necessity.  
Deem
, 113 Ill. App. 3d at 884-86.  We are concerned mainly with the first of these discussions. 

In determining whether the trial court rightly denied the plaintiffs an "easement by implication"--by which the 
Deem
 court meant an easement by preexisting use--the court first appeared to follow the established rules we have recognized here.  The court observed that the easement requires the proof of three elements--

severance of title, a use predating the severance of title, and necessity--and that the existence of the easement depends on the conditions at the time of the severance of title.  
Deem
, 113 Ill. App. 3d at 882.  The court concluded that the plaintiffs had failed to prove, either directly or by inference, that before 1854 there had been any use that would support the claim of an easement.  This should have ended the analysis of whether plaintiffs were entitled to an easement by preexisting use.  Under settled case law, they were not.

Yet the 
Deem
 court then took what appears to be a misconceived detour.  After establishing that the plaintiffs failed to show a preexisting use, the 
Deem
 court stated:

"However, proof of prior use is not required when the land 
presently
 could not be used, absent the easement, or could not be used without disproportionate effort and expense.  (
Miller v. Schmitz
 (1980), 80 Ill. App. 3d 911, 914.)  This requires a determination of the third condition [necessity]."  (Emphasis added.)  
Deem
, 113 Ill. App. 3d at 883. 

The court eventually concluded that the plaintiffs had not proved an easement because there was sufficient evidence that, at the time of the trial, the plaintiffs  had a "viable alternative" to the claimed easement.  
Deem
, 113 Ill. App. 3d at 884.  Without explaining itself further, the court added that the plaintiffs had also failed to show that the element of necessity existed in 1854.  
Deem
, 113 Ill. App. 3d at 884. 

Apparently, the 
Deem
 court simply dropped one element out of the three-part test for an easement by preexisting use. This element was the preexisting use itself
.  (Whether 
Deem
 correctly applied the third element, necessity, is a question we need not decide.)  In so doing, the court ignored established case law and improperly removed its focus from the intention of the parties to the conveyance as shown by the circumstances at the time of the conveyance.  The court's apparent willingness to create an implied easement based on only the first and third elements of an easement by preexisting use was inconsistent with long-standing law.

The analysis in the first half of 
Deem
 would make more sense could we read it to state only that a preexisting use need not be proved where the plaintiff can establish an easement by necessity.  This holding would simply recognize that an implied easement may arise from either a preexisting use or necessity and that, if the severance would otherwise make the claimant's property landlocked and thus unfit to use, that fact alone would prove that the parties intended an easement.  See 
Manns
, 117 Ill. 2d at 438.  H
owever, this reading of 
Deem
 is difficult to square with the court's emphasis on the 
present-day
 need for the easement or with its separate and extended discussion of whether
 the plaintiffs had shown an easement by necessity.  We read 
Deem
 as allowing an easement by preexisting use without any need to show a preexisting use.  This complete elision of a crucial element cannot be reconciled with the case law preceding and following 
Deem
.  

Deem
 relied on 
Miller v. Schmitz
, 80 Ill. App. 3d 911 (1980).  In 
Miller
, the trial court held that the plaintiff was entitled to an easement across defendant's land because there was no other reasonable access to her property and this means of access had been used by the common grantor.  
Miller
, 80 Ill. App. 3d at 913.  The appellate court affirmed.  After setting out the three-part test for an easement by preexisting use--which it referred to as an "easement by implication"--the court concluded that the first element, severance of common title, was undisputed and that the second element, a preexisting use by the common owner, could be inferred from the circumstances before the severance.  
Miller
, 80 Ill. App. 3d at 913-14.  These conclusions are wholly consistent with long-standing precedent.  However, in language that the 
Deem
 court apparently seized on, perhaps out of context, 
Miller
 added:

"Although prior use by the grantor is a relevant factor indicating necessity for the easement, the Restatement of Property recognizes that proof of prior use is not required when the land presently could not be used, absent the easement.  Moreover, '[i]f land can be used without an easement, but cannot be used without disproportionate effort and expense, an easement may still be implied *** on the basis of necessity alone without reference to prior use.'  Restatement of Property §476, [C]omment 
g
, at 2983 (1944)."  
Miller
, 80 Ill. App. 3d at 914. 

The 
Miller
 court next analyzed the necessity for the easement, both as it tended to prove that the conditions at the time of the severance created an easement by necessity (
Miller
, 80 Ill. App. 3d at 914, relying on 
Walker v. Witt
, 4 Ill. 2d 16 (1954)) and as it tended to satisfy the necessity element of an easement by preexisting use (
Miller
, 80 Ill. App. 3d at 914, relying in part on 
Sheehan v. Sagona
, 13 Ill. 2d 341, 347 (1958)).  Apparently, the 
Miller
 court, which did not distinguish neatly between easements by preexisting use and easements by necessity, in essence concluded that the plaintiffs had proved the elements of either type.  Although this conclusion appears sound on the facts, several caveats about 
Miller
 and about 
Deem
's use of 
Miller
 are in order.

First, it is doubtful if 
Miller
 supports 
Deem
's conclusion that an easement may arise solely by virtue of a severance of title and some degree of necessity.  In 
Miller
, unlike in 
Deem
, the claimant proved that, when title had been severed, there had been a preexisting use that would demonstrate the intent to create an easement.  Thus, the 
Miller
 court concluded that all three aspects of the test for an easement by preexisting use had been satisfied.  It appears that any statement in 
Miller
 that a claimant may dispense with the proof of one element is 
dictum
. 

Second, if 
Miller
 can be read to allow an easement based on nothing more than the severance of title plus some degree of necessity short of or different from that required for an easement by necessity, it too is inconsistent with case law before and after it and ought not be followed.  At one point, 
Miller
 itself recognizes that an easement "is created, if at all, at the time of severance of title."  
Miller
, 80 Ill. App. 3d at 913.  Insofar as 
Miller
 departs from this requirement, it misstates the law.

Finally, the Restatement of Property, on which 
Deem
 and 
Miller
 appear to rely, does not support making the requirements for an easement by implication less extensive or strict than those set out in 
Manns
 and numerous other cases.  The Restatement recognizes clearly that the severance of the ownership of  land may create an easement "by implication from 
the circumstances under which the conveyance was made, alone
."  (Emphasis added.)  Restatement of Property §474, at 2972 (1944).  Section 476 of the Restatement details the factors a court must consider "[i]n determining whether 
the circumstances under which a conveyance of land is made
 imply an easement."  (Emphasis added.)  Restatement of Property §476, at 2977 (1944).  This provides the context for the later comment that, "If land can be used without an easement, but cannot be used without disproportionate effort and expense, an easement may still be implied in favor of either the 
conveyor
 or the 
conveyee
 on the basis of necessity alone without reference to prior use."  (Emphasis added.)  Restatement of Property §476, Comment 
g
, at 2983 (1944).  

Comment 
g
 to section 476 of the Restatement says no more than that an easement by necessity may be implied from the circumstances of the conveyance even when those circumstances do not imply an easement by preexisting use.  From the context of sections 474 and 476 of the Restatement and from comment 
g
's reference to the "conveyor or the conveyee," it is plain that comment 
g
 does not disturb the settled rule that the circumstances at the time of the conveyance (or whatever act separates title) determine whether a claimant has proved there is an easement.

Thus, insofar as 
Miller
 and, by implication, 
Deem
, rely on comment 
g
 to hold that present-day necessity may create an easement by implication even where none arises at the time of the severance of title, these opinions misinterpret the Restatement.  Any "present necessity" to which comment 
g
 refers is the necessity that arises at the moment that the unity of title is severed.  Nothing in that comment or elsewhere in the Restatement allows a party to claim an easement based solely on the fact of severance combined with present-day necessity without regard to the conditions at the time of the severance.  Under the Restatement, as well as under Illinois law, a party who cannot satisfy the three-part test for an easement by preexisting use may prove an easement by implication only by satisfying the prerequisites to an easement by necessity--

viz
., a severance of title plus strong necessity (
i.e.
, the need to prevent property from being rendered landlocked) at the time of the severance.  See 
Manns
, 117 Ill. 2d at 440-41. 

In view of these conclusions, we give no weight to plaintiffs' discussion of how the factors set out in section 476 support the trial court's finding that they have an easement by implication over the defendants' portion of the driveway.  Plaintiffs' entire discussion is based on the circumstances as they existed at or near the time of their lawsuit, not on the circumstances in 1890, when the severance of title occurred.  Plaintiffs adduced insufficient evidence that the parties to the 1890 conveyance intended to create the easement that plaintiffs now claim.  Therefore, the trial court erred in granting them summary judgment on count II of their complaint for declaratory relief. 

The judgment of the circuit court of Boone County is reversed.  The case is remanded to the trial court for further proceedings.

Reversed and remanded.

COLWELL and GALASSO, JJ., concur.