MARILYN WONG *et al.*, Plaintiffs-Appellants, v. DARLENE STEVENS, Defendant-Appellee.

First District (5th Division)   No. 1—89—1661

Opinion filed June 28, 1991.

Martin Tiersky, of Skokie, for appellants.

Michael S. Froman, of Skokie, for appellee.

JUSTICE McNULTY delivered the opinion of the court:

On November 12, 1984, Stevens, Wong and Reilly entered into an agreement in which Stevens agreed to execute a previously assigned option to purchase a single-family residence at 1027 North Gibbons Avenue, Arlington Heights, Illinois. In consideration for the assignment of this option, Stevens granted Wong and Reilly a two-year lease with rental payments equal to her mortgage, insurance, and tax payments, as well as an option to purchase the premises from her on or before November 12, 1986. In the event that Wong and Reilly did not exercise the option to purchase on or before November 12, 1986, the agreement provided that Stevens would have the right to sell the premises to any party, would realize her costs plus a $5,000 bonus from the net proceeds, and pay the remaining net proceeds to Wong and Reilly. Stevens' right to sell the premises to any party would accelerate if Wong and Reilly fell three or more consecutive months in arrears on their mortgage payments.

Due to a dispute, Wong and Reilly stopped making their monthly payments, and on March 5, 1987, Stevens entered into a contract to sell the premises to another party. In the litigation which ensued, Stevens first filed a complaint in forcible entry and detainer and later a motion for eviction and other relief. Wong and Reilly filed a complaint for an equitable mortgage which was dismissed without prejudice by the trial court. They then filed an amended complaint alleging a resulting trust which did not reassert an action for equitable mortgage. The chancery court granted the motion for eviction, entered summary judgment for back rent, and dismissed Wong and Reilly's amended complaint alleging a resulting trust for failure to state a cause of action. Wong and Reilly appeal the judgment for back rent and the dismissal of their claim. They do not appeal the eviction order.

■ Appellants first contend that the trial court erred in entering summary judgment against them for rent, as no pleading was filed requesting rent. While Illinois statutes do provide that separate claims shall be stated in separate counts of a complaint (Ill. Rev. Stat. 1987, ch. 110, par. 2—603), and that every complaint shall contain a prayer for relief (Ill. Rev. Stat. 1987, ch. 110, par. 2—604), the purpose of these provisions is to give notice to the court and to the parties of the claims being presented and the relief being sought. Complaints are to be liberally construed with an eye toward doing justice between the parties. In the instant action, Stevens filed a complaint on March 18, 1987, for forcible entry and detainer. This complaint contained traditional boiler plate language requesting possession only. In September 1987, after the law and chancery cases were consolidated, Stevens filed a motion for eviction and other relief. In May 1987, she filed a petition for emergency and other relief, asking that an appraiser be given full access to the premises and that Wong and Reilly pay $11,990 in back rent. This motion was granted as to the appraiser, but denied without prejudice as to the other relief. In June 1987, Stevens again filed a motion for relief of $15,587 in back rent which was then due and owing. This motion was denied without prejudice and the court ordered the depositions of Wong and Reilly to be taken as to the rent. Stevens again filed a motion for eviction and other relief on July 14, 1987, which the chancery court granted, awarding back rent in the amount of $17,985.

■ The numerous motions filed by Stevens were sufficient to put Wong and Reilly on notice that rent was being sought. Furthermore, Wong and Reilly admitted in their depositions that they had stopped paying rent and had not made any payments to Stevens under the agreement in 1987. Equity dictates that Stevens' motions be liberally construed as amended complaints, properly requesting the remedy of rent. To do otherwise would be to elevate form over substance and deny justice to the defendant.

■ Wong and Reilly further allege that an entry of an order for rent is improper as the agreement between the parties allows Stevens reimbursement for expenses, plus a $5,000 bonus. Although the contract between the parties does so provide, this remedy is not exclusive, and does not operate to foreclose the independent contractual obligation of Wong and Reilly to pay rent during the time they occupied the premises. It would be an outrage, as stated by the trial judge, to allow the plaintiffs to live in the premises and require Stevens to pay their rent.

■ Additionally, Wong and Reilly argue that the entry of summary judgment for Stevens was improper both because defendant's motion was not supported by affidavits, as required by statute, and also because there were material facts in dispute. While Stevens' motion was not strictly a summary judgment motion, it very closely approximated one, as it had attached the sworn deposition testimony of Wong and Reilly, admitting that they had withheld rent over a long period of time. Moreover, there was no response by Wong and Reilly to this motion. Since there was no dispute about rent not being paid, and no dispute about the agreement requiring the payment of rent, and because the motion was supported by sworn testimony, the trial judge correctly determined that there was no genuine issue of material fact as to the rent and correctly entered an order for summary judgment.

The amount set in the order for summary judgment ($17,895) was determined from Stevens' pleadings, which represented the only figures available. However, a judgment in this amount is supported by combining Wong's deposition testimony that the last rental payment was for May 1986, with the fact that she and Reilly had not vacated the premises until October 1987, and the agreement called for rental payments in the amount of $1,199 per month.

■ Wong and Reilly also maintain that the dismissal of their second amended complaint for failure to state a cause of action for a resulting trust was improper. Illinois case law supports the determination of a resulting trust where property is purchased with the funds of one person and title is taken in the name of another. See *Wright v. Wright* (1954), 2 Ill. 2d 246, 118 N.E.2d 280, in which an elderly plaintiff wished to buy a rooming house, and being unable to finance her purchase, had her son obtain a Veterans Administration loan. The son agreed with the express understanding that while title would be taken in his name, his mother would make payments on the house. The son was not interested in buying the house and was the purchaser in name only. Based on these facts, the *Wright* court found the existence of a resulting trust in favor of the mother. See also *In re the Estate of Wilson* (1980), 81 Ill. 2d 349, 410 N.E.2d 23, *Scanlon v. Scanlon* (1955), 6 Ill. 2d 224, 127 N.E.2d 435, and *Johnson v. Johnson* (1953), 1 Ill. 2d 319, 115 N.E.2d 617, all of which determine the existence of a resulting trust only when there is a clear indication at the time of the transaction that the purchaser of the property has no beneficial interest in such property, and is taking title in name only.

■ The facts in the case at hand do not establish that Stevens purchased the property at issue with Wong and Reilly's money and

held title solely for their benefit. Rather, Stevens purchased the property with her own funds (though she was to be repaid by Wong and Reilly) and executed a lease with option to purchase with plaintiffs. If plaintiffs chose not to exercise their option, Stevens was free to sell the property to another party, deduct her expenses plus a bonus and pay the difference to Wong and Reilly. Even a liberal reading of these facts cannot construe a resulting trust from this lease with option to purchase.

For the above reasons, we affirm the judgment of the trial court.

Affirmed.

MURRAY and GORDON, JJ., concur.