THOMAS J. SABATINO, JR., *et al.*, Plaintiffs-Appellees, v. FIRST AMERICAN TITLE INSURANCE COMPANY, Defendant-Appellant.

Second District    No. 2—99—0183

Opinion filed November 17, 1999.

Timothy M. McLean and Thomas U. Hipp, both of Heroux, Clingen, Callow, Wolfe & McLean, of Wheaton, for appellant.

Peter M. Trobe, of Salvi & Schostok, P.C., of Waukegan, for appellees.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, First American Title Insurance Company, appeals the order of the trial court of Lake County granting summary judgment to plaintiffs, Thomas J. Sabatino, Jr., and Joan Turnbull Sabatino. We reverse.

Plaintiffs brought a declaratory judgment action (count I) and a breach of contract action (count II) seeking a judicial determination that defendant was obligated to defend and indemnify them in a civil suit filed by Robert G. Hershenhorn against plaintiffs (No. 98—CH—327).

In the underlying suit, Hershenhorn alleged the following. The properties on which plaintiffs and Hershenhorn now reside were a single property from 1873 until 1945, when it was divided. Prior to the division of the property, a sanitary sewer line ran from Hershenhorn's property in a straight northerly direction across plaintiffs' property and discharged into the sewer line on Westminster Street in the City of Lake Forest. In 1996, plaintiffs applied for a variance from Lake Forest in order to construct an addition to their home. On October 17, 1996, Hershenhorn filed a letter of objection to the variance, raising the issue of the existence of an unrecorded easement for the sanitary sewer line upon plaintiffs' property. Lake Forest denied the variance and plaintiffs resubmitted modified plans without Hershenhorn's knowledge. Hershenhorn alleged that plaintiffs intentionally did not show the location of Hershenhorn's sanitary sewer line on the modified plans because otherwise plaintiffs would have had to obtain a variance from Lake Forest, permission from Hershenhorn, or both to modify or alter his easement.

Hershenhorn further alleged that plaintiffs never asked permission to alter his easement and that he told plaintiffs on numerous occasions prior to and during the construction of their home addition that plaintiffs had no right to use, alter, or modify his sewer line or to violate his easement rights. According to Hershenhorn, when plaintiffs

began construction, they ruptured and broke the sanitary sewer pipe used by Hershenhorn. Without Hershenhorn's permission, plaintiffs allegedly installed a permanent modification to the sanitary sewer line by diverting and rerouting it around the new foundation which plaintiffs constructed as part of their home addition. Plaintiffs allegedly connected their new sanitary sewer line and an ejector pump system to the existing sanitary sewer line, removed a manhole, and rerouted the existing sanitary sewer line to a different manhole. Hershenhorn alleged that, as a consequence of plaintiffs' actions, debris accumulated in the sanitary sewer line, and sewage and effluent flowed onto Hershenhorn's property.

Hershenhorn filed a two-count complaint against plaintiffs seeking an award of punitive damages and preliminary and permanent injunctions to direct the restoration of the original easement; to prevent any further interference, modification, or alteration of Hershenhorn's easement rights; to provide for an inspection and evaluation of the sanitary sewer system installed by plaintiffs; and to provide for the construction of a new sanitary sewer line onto Deerpath Road.

Thereafter, plaintiffs notified defendant of the underlying litigation, requesting that it defend and indemnify them. In response, defendant denied that it had any duty under the terms of the title insurance policy to defend plaintiffs for the actions that they had taken in interfering with Hershenhorn's easement as alleged in the underlying litigation.

Plaintiffs then filed a two-count complaint against defendant seeking a declaration that defendant had a duty to defend them in the underlying litigation (count I) and that defendant breached the title insurance policy by refusing to defend (count II). Plaintiffs' motion for summary judgment was granted as to both counts. As to count I, the court found that there were no material issues of fact, that the complaint in the underlying litigation alleged claims that were covered by the title insurance policy issued by defendant to plaintiffs and, based upon the allegations of the underlying complaint, defendant had a duty to defend plaintiffs under the policy. As to count II, the court granted plaintiffs' claim for reimbursement from defendant for defense costs incurred by them in the underlying litigation and continued the matter for further hearing concerning the amount of those costs. Subject to this appeal, count II remains pending before the trial court. Defendant timely appeals.

We initially note that plaintiffs assert that defendant failed to file a response to their "Statement of Material Facts in Support of Plaintiffs' Motion for Summary Judgment" and that the failure to do so amounts to an admission of all material facts under local court rule.

Plaintiffs conclude that defendant therefore admits that the complaint in the underlying litigation alleges facts covered under the policy. However, the record shows that defendant did timely respond to plaintiffs' statement of material facts denying that the complaint in the underlying actions alleged facts covered under the policy. Accordingly, we admonish plaintiffs to thoroughly search the record before making unsupported assertions in their argument.

■ We begin our analysis by addressing the issue of whether the trial court properly granted summary judgment. A court should enter summary judgment when the pleadings, depositions, admissions, and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 1996). Summary judgment is a drastic remedy that should be granted only when the right of the moving party to relief is free from doubt. *Loyola Academy v. S&S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 271 (1992). The court must construe the evidence strictly against the movant and liberally in favor of the opponent. *Gatlin v. Ruder*, 137 Ill. 2d 284, 293 (1990). Even if the facts are undisputed, if rational persons could draw different inferences from those facts, summary judgment is inappropriate. *Stephen v. Swiatkowski*, 263 Ill. App. 3d 694, 697 (1994). We review a grant of summary judgment *de novo. Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 390 (1993).

■ Defendant contends that the trial court erred in determining that the underlying complaint alleges facts within or potentially within coverage of the title insurance policy. In determining whether an insurer has a duty to defend its insured, a court must look to the allegations in the underlying complaint and compare these allegations to the relevant coverage provisions of the insurance policy. *Crum & Forster Managers Corp.*, 156 Ill. 2d at 393. Where the underlying complaint alleges facts that if true would exempt the insured from coverage under the policy, the insurer has no duty to defend. *State Farm Fire & Casualty Co. v. Hatherley*, 250 Ill. App. 3d 333, 336 (1993). Where the language of an insurance policy is clear and unambiguous, it must be given its plain and ordinary meaning. *State Farm Fire & Casualty Co.*, 250 Ill. App. 3d at 337.

Defendant argues that the underlying complaint seeks injunctive relief due to plaintiffs' "deliberate, wrongful and intentional actions" in interfering with the unrecorded easement. Defendant argues that all of plaintiffs' actions alleged in the underlying complaint occurred *after* the policy was issued by defendant and fall outside the terms of the insurance policy. We agree.

The title insurance policy excludes loss or damage, costs, attorney fees, or expenses that arise by reason of:

"3. Defects, liens, encumbrances, adverse claims or other matters: (a) created, suffered, assumed or agreed to by the insured claimant; or *** (d) attaching or created subsequent to Date of Policy."

It is clear that because the adverse claims in the underlying litigation were created by plaintiffs' actions, which occurred after the date of the title insurance policy, plaintiffs' actions fall within the exclusions of the policy.

Plaintiffs argue that the gravamen of the underlying complaint is the allegation of an unrecorded easement, which is covered by the title insurance policy. Plaintiffs contend that where the complaint alleges several causes of action or theories of recovery against an insured, one of which is within the coverage of the policy while the others may not be, defendant has a duty to defend. Because the trial court in the underlying suit must determine the issue of the existence of an implied easement, plaintiffs argue that defendant has a duty to defend them with respect to all theories set forth in the underlying complaint. We disagree for several reasons.

First, the underlying complaint does not seek a judicial determination of the existence of an implied easement. Rather, Hershenhorn seeks injunctive relief due to plaintiffs' intentional interference with his easement. Moreover, the purpose of title insurance is to protect a transfer of real estate from the possibilities of loss through defects that may cloud title. See, *e.g.*, *First National Bank of Northbrook, N.A. v. Stewart Title Guaranty Co.*, 279 Ill. App. 3d 188, 192 (1996). In this case, Hershenhorn's claims are not made against plaintiffs because defendant failed to find an unrecorded easement. Hershenhorn's claims against plaintiffs have arisen because of plaintiffs' allegedly tortious conduct in interfering with Hershenhorn's easement. Such claims are ancillary to the purpose of the title insurance policy. See *Crum & Forster Managers Corp.*, 156 Ill. 2d at 394. Second, it is obvious from the alleged facts that the sewer line across plaintiffs' property is an easement of necessity by implication. See *Light v. Steward*, 128 Ill. App. 3d 587, 593 (1984). Further, Hershenhorn raised the issue of the existence of the unrecorded easement for the sanitary sewer line when he objected to plaintiffs' application for a construction variance on October 17, 1996. Thus, it appears that plaintiffs knew of the existence of the easement at that time and never filed any objections or sought a determination as to the validity of the existence of the unrecorded easement. Instead, they effectively recognized Hershenhorn's right to have a sewer line across their land when they allegedly diverted and rerouted the sewer line around the new foundation. Plaintiffs therefore appear to have no viable defense to defeat an easement of necessity by implication.

Finally, even if we were to find defendant had a duty to defend, the title insurance policy provides alternatives in lieu of accepting a tender of defense. The policy provides that defendant's duty to defend is subject to the option "to pay or otherwise settle with other parties for or in the name of an insured claimant any claim insured against under this policy" or "to pay or otherwise settle with the insured claimant the loss or damage provided for under the policy." Here, the facts reveal that defendant first elected to settle the underlying litigation. When it failed to settle, defendant then offered plaintiffs the alternative option to establish a value for their property reflecting the impact of the unrecorded easement on the property. The policy further provides that it limits the extent of the damage to title according to the difference between the value of the insured estate or interest as insured and the value of the insured estate or interest subject to the defect, lien, or encumbrance insured by the policy. Therefore, in this case, defendant's liability is limited to only those claims against plaintiffs that reflect the diminished value of the unrecorded easement on plaintiffs' property. Defendant had the right to elect this option according to the terms of the policy.

Plaintiffs contend that, by exercising its option to establish a value for their property, defendant unilaterally established a dollar amount for an unrecorded easement that has not yet been determined by the trial court to exist. Plaintiffs further contend, without citation to the record, that the trial court correctly rejected defendant's tender as being premature. Our search of the record does not reveal any such finding by the trial court. Supreme Court Rules 341(e)(7) and (f) direct a party to cite to the pages of the record relied on. 177 Ill. 2d Rs. 341(e)(7), (f). Again, we must admonish plaintiffs that this court will not countenance unsupported allegations. Regardless, the amount that defendant tendered is not a question before the trial court and has no bearing on the trial court's ruling regarding whether defendant has a duty to defend.

In sum, the gravamen of the complaint is not the allegation of an unrecorded easement, but the redress for plaintiffs' intentional and wrongful conduct that occurred after the date of the policy. The complaint in the underlying action presumes the existence of an unrecorded easement by implication and *only* seeks injunctive relief due to intentional actions that occurred after the policy was issued. Because the policy excludes the type of conduct complained of and provides defendant with the option of establishing a value reflecting the impact of the unrecorded easement on plaintiffs' property, defendant's rejection of plaintiffs' tender of defense was proper. Accordingly, we find that defendant has no duty to defend and the trial court erred in granting

summary judgment to plaintiffs on count I. Because defendant has no duty to defend, there is no breach of contract and defendant is not liable to pay defense costs incurred by plaintiffs in the underlying action. Therefore, the trial court erred in granting summary judgment to plaintiffs as to count II. We have reviewed the remaining contentions and find them to be without merit.

The judgment of the circuit court of Lake County is reversed.

Reversed.

THOMAS and HUTCHINSON, JJ., concur.