MICHAEL SMITH, Plaintiff-Appellee, v. MATT HEISSINGER *et al.*, Defendants-Appellants.

Fourth District   No. 4—00—0571

Argued February 14, 2001.—Opinion filed March 6, 2001.

Michael J. Drake (argued), of Brown, Hay & Stephens, of Springfield, for appellants.

Alfred B. LaBarre (argued), of LaBarre & Young, of Springfield, for appellee.

JUSTICE KNECHT delivered the opinion of the court:

In October 1999, plaintiff, Michael Smith, filed a two-count complaint against defendants, Matt Heissinger and Regina Gae Buie-Heissinger, requesting the trial court to declare the easement rights possessed by plaintiff in a 25-foot-wide right-of-way over defendants' properties included the right to place underground utilities for the benefit of plaintiff's property. After an April 2000 bench trial, the trial court found plaintiff had an easement by necessity over defendants' properties for utilities and issued a permanent injunction enjoining defendants from interfering with plaintiff's installation of utilities. Defendants filed a motion to reconsider. After a May 2000 hearing, the trial court denied the motion to reconsider. On appeal, defendants argue the trial court erred in (1) admitting extrinsic evidence to determine the intent of the parties with respect to the existing easement; (2) applying the theory of implied easement by necessity when plaintiff's complaint did not raise such a theory; and (3) applying the easement by necessity theory to the facts of this case.

## I. BACKGROUND

Both plaintiff's and defendants' properties were originally one tract of land owned by John Homeier. The original tract of land is currently divided into three pieces known as Heissinger No. 1, Heissinger No. 2, and the Smith property. See Appendix A (trial exhibit No. 1).

In September 1988, Homeier and defendants entered into a contract for the sale (trial exhibit No. 2) of a portion of the tract of land known as Heissinger No. 1. The real estate contract provided defendants were to grant Homeier a 25-foot easement off the west side of Heissinger No. 1. In December 1988, Homeier conveyed Heissinger No. 1 to defendants, but the deed (trial exhibit No. 3) lacked the easement. A corrected deed (trial exhibit No. 4) was later filed, containing

a 25-foot-wide right-of-way (easement No. 1). The corrected deed contained no language limiting the purpose of the right-of-way.

In January 1996, Homeier and defendants entered into another contract of sale (trial exhibit No. 5) for an adjacent piece of property known as Heissinger No. 2. The real estate contract contained a provision for "an ingress and egress easement 25 [feet] in width along the west and south sides of the subject property, for the benefit of the property [known as the Smith property]." In March 1996, Homeier conveyed Heissinger No. 2 to defendants (trial exhibit No. 7) and recorded an easement (trial exhibit No. 6) dated January 22, 1996, creating the right-of-way "for the sole purpose of ingress and egress and for the benefit of the [Smith property]" (easement No. 2).

In March 1996, Homeier and plaintiff entered a contract for sale of the remaining land now known as the Smith property. The next month, Homeier conveyed the Smith property to plaintiff (trial exhibit No. 8). In the deed, Homeier assigned his interest in both easements.

After purchasing the property, plaintiff built a home on the property. Utilities already existed within easement No. 1 serving defendants' properties, and plaintiff requested the Central Illinois Light Company (CILCO) to install electricity to his home by connecting to the existing utilities. When CILCO employees began to install the electric wires on the easement, defendants questioned the employees and told them no utility easement existed. None of the other owners of adjacent property would allow plaintiff to obtain utilities across their properties.

In October 1999, plaintiff filed a complaint against defendants, praying for the trial court to (1) declare the easement rights possessed by plaintiff in the 25-foot-wide right-of-way over defendants' land include the right to place underground utilities for the benefit of his land, and (2) grant a preliminary and permanent injunction ordering defendants to cease and desist from interfering with the installation of underground utilities within plaintiff's easement.

In April 2000, the trial court held a bench trial on the complaint. Defendants argued the matter should have been resolved in a summary judgment motion and objected to the introduction of extrinsic evidence regarding the intent of the parties because the document granting the right-of-way speaks for itself. The trial court allowed the extrinsic evidence, citing the Second District's opinion in *McMahon v. Hines*, 298 Ill. App. 3d 231, 236, 697 N.E.2d 1199, 1204 (1998). Homeier, Matt Heissinger, plaintiff, and two adjacent land owners, Robert Young and Edward Turley, testified at the trial. The trial court declined to rule from the bench and requested the parties to file simultaneous briefs within a week of the trial.

In May 2000, the trial court found in favor of plaintiff on both counts. The trial court based its decision on the doctrine of necessity as set forth in *Martin v. See*, 232 Ill. App. 3d 968, 977-78, 598 N.E.2d 321, 327-28 (1992). After a hearing, the trial court denied defendants' motion to reconsider. This appeal followed. After filing their notice of appeal, defendants filed a motion to stay the trial court's judgment pending appeal. The trial court denied defendants' motion but provided, if the judgment is reversed on appeal, plaintiff is to remove any utilities installed within the easement at his own expense.

## II. ANALYSIS

### A. Extrinsic Evidence

■ Defendants first contend the easement's language is unambiguous, and thus the trial court erred in admitting extrinsic evidence. Plaintiff argues the easement's language is ambiguous. Whether language of an agreement is ambiguous and requires extrinsic evidence for interpretation is a matter of law. *Schnuck Markets, Inc. v. Soffer*, 213 Ill. App. 3d 957, 976, 572 N.E.2d 1169, 1183 (1991). This court reviews *de novo* a trial court's decision made as a matter of law. *People v. Stevens*, 315 Ill. App. 3d 781, 783, 733 N.E.2d 1283, 1285 (2000).

■ The easement in question consists of two parts, created by two separate documents. The first document, creating easement No. 1, contains no language limiting the purpose of the first easement, while the second document, creating easement No. 2, states the easement is for the sole purpose of ingress and egress. In their brief, defendants themselves point to extrinsic evidence (sales contracts labeled trial exhibits Nos. 2 and 5) in arguing the documents are unambiguous. We find the documents creating the easements are ambiguous, and thus the trial court did not err in admitting extrinsic evidence. Because we find the documents are ambiguous, we need not address whether extrinsic evidence is admissible when the documents creating an easement are unambiguous.

### B. Easement by Necessity

■ Two types of implied easements exist: the easement by necessity and the easement implied from a preexisting use. *Martin*, 232 Ill. App. 3d at 977, 598 N.E.2d at 327. To establish an easement by necessity, three conditions must exist: (1) ownership of the dominant and servient estates by a common grantor followed by separation of title; (2) use of the easement before separation in an apparent, obvious, continuous, and manifestly permanent manner; and (3) necessity of the easement to the beneficial enjoyment of the dominant estate. *Miller*

*v. Schmitz*, 80 Ill. App. 3d 911, 913, 400 N.E.2d 488, 490 (1980). Proof of prior use is not required when the land presently could not be used absent the easement. *Miller*, 80 Ill. App. 3d at 914, 400 N.E.2d at 490.

### 1. *Sufficiency of the Complaint*

■ Defendants argue the trial court could not have applied the doctrine of easement of necessity by implication because plaintiff failed to include it in his complaint. Plaintiff asserts all the elements of an easement by necessity were contained in the pleadings. Because the determination of whether plaintiff's complaint states a cause of action for an easement by necessity does not require the court to weigh facts or determine credibility, we review the matter *de novo*. See *Toombs v. City of Champaign*, 245 Ill. App. 3d 580, 583, 615 N.E.2d 50, 51 (1993) (reviewing motion to dismiss on the pleadings *de novo*).

■ While section 2—603 of the Code of Civil Procedure (735 ILCS 5/2—603 (West 1998)) requires a plain and concise statement of the plaintiff's cause of action with separate claims stated in separate counts of the complaint, the purpose of the section is to give notice to the court and to the parties of the claims being presented. *Wong v. Stevens*, 216 Ill. App. 3d 299, 301, 576 N.E.2d 1069, 1070 (1991). Complaints are to be liberally construed with an eye toward doing justice between the parties. *Wong*, 216 Ill. App. 3d at 301, 576 N.E.2d at 1070.

■ Here, plaintiff alleged in his complaint a single-family residence had partially been completed on the Smith property and "electric power service and telephone service are necessary for use of [the Smith property] as a single-family [residence]." Attached to the complaint as exhibits are the deed from Homeier to plaintiff for the Smith property, the deed from Homeier to defendants for Heissinger No. 1, and the document creating the easement over Heissinger No. 2 with Homeier as the grantor. Thus, taken as a whole, these documents show Heissinger was the common grantor of the Smith property and Heissinger Nos. 1 and 2. See *Bond v. Dunmire*, 129 Ill. App. 3d 796, 804, 473 N.E.2d 78, 84 (1984) (admitting the exhibits attached to the complaint as facts for a motion to dismiss). Thus, all the elements of an easement by necessity were included in plaintiff's complaint.

However, defendants argue the trial court prohibited them from cross-examining plaintiff as to alternative sources of utilities. Defendants thoroughly cross-examined plaintiff as to alternative sources of the utilities, such as cellular phones, solar power, and gas generators. Defense counsel also questioned plaintiff about his attempts at getting the needed utilities from other neighbors. In fact, defendants presented the testimony of two of the neighboring landowners who denied plaintiff access to their utilities.

Defendants also contend the application of an easement by necessity in this case is an unconstitutional taking because they have been precluded from negotiations. Defendants do not cite any case law in support of this argument (177 Ill. 2d R. 341(e)(7)), nor do they allege how the application of easement by necessity prohibited negotiations. Thus, we decline to address this argument.

Accordingly, we find the trial court did not err in applying the doctrine of implied easement by necessity.

## 2. *Sufficiency of the Evidence*

■ Defendants next argue, even if the trial court could have applied the easement by necessity doctrine, the trial court erred in finding plaintiff had met his burden of proof. This court will not disturb the trial court's finding of an easement by necessity unless it is contrary to the manifest weight of the evidence. *Martin*, 232 Ill. App. 3d at 978, 598 N.E.2d at 328.

The evidence presented at trial demonstrates the first element is present. Here, Homeier was the common grantor, owning as a single tract: Heissinger No. 1, Heissinger No. 2, and the Smith property. As to the second element, no evidence of prior use exists, and thus plaintiff must demonstrate the land cannot be used without the easement.

At trial, plaintiff testified he was in the process of building a home on the Smith property. The home currently has a solar power source, but it is insufficient to supply enough power to make the house habitable. The home also lacks telephone service. Plaintiff testified the home is not habitable without telephone and electrical services.

Defendants do not argue the house is habitable without the necessary utilities but, rather, argue an easement by necessity is limited to ingress and egress only. We disagree. In *Sabatino v. First American Title Insurance Co.*, 308 Ill. App. 3d 819, 823, 721 N.E.2d 693, 697 (1999), the Second District found a sewer line across the plaintiff's property was an easement by necessity. In the case of an easement implied from a preexisting use, which has common elements with easement by necessity (see *Granite Properties Ltd. Partnership v. Manns*, 117 Ill. 2d 425, 437, 512 N.E.2d 1230, 1236 (1987)), courts have examined the application of that doctrine to access to water supply (*Hallock v. Wear*, 194 Ill. App. 3d 894, 904-07, 551 N.E.2d 712, 718-20 (1990); *Frantz v. Collins*, 21 Ill. 2d 446, 449-51, 173 N.E.2d 437, 439-40 (1961)) and to a catch basin providing access to the sewer system (*Swieton v. Landoch*, 106 Ill. App. 3d 292, 298-300, 435 N.E.2d 1153, 1159-60 (1982)). Such application of implied easements does not offend public policy; it furthers the public policy favoring full utilization of land (*Miller*, 80 Ill. App. 3d at 914, 400 N.E.2d at 491).

While a showing of absolute necessity is not required in Illinois to create an implied easement by necessity upon the severance of land into two or more tracts, an easement by necessity is not sanctioned if available alternatives affording a reasonable means of obtaining the needed utilities exist. See *Martin*, 232 Ill. App. 3d at 978, 598 N.E.2d at 328. Defendants contend plaintiff has failed to prove reasonable alternatives do not exist.

When questioned by defendants as to why he could not use a cellular phone on his property, plaintiff testified he ran a home business and a cellular phone was not adequate to handle his business needs; for example, a computer cannot access the Internet over a cellular phone. Plaintiff also testified solar power and gas generators were unable to produce enough electricity to make his home habitable. Moreover, the evidence showed the owners of the other neighboring properties had denied plaintiff access over their land.

Thus, the trial court's judgment plaintiff had a utility easement by necessity in plaintiff's existing easement was not against the manifest weight of the evidence.

## III. CONCLUSION

Accordingly, we affirm the judgment of the circuit court of Sangamon County.

Affirmed.

McCULLOUGH and MYERSCOUGH, JJ., concur.