DAVID WEAVER *et al.*, Plaintiffs-Appellees, v. ROBERT CUMMINS *et al.*, Defendants-Appellants.

Fourth District   No. 4—00—0982

Argued June 12, 2001.—Opinion filed June 28, 2001.

Barry O. Hines (argued) and Randall W. Segatto, both of Barber, Segatto, Hoffee & Hines, of Springfield, for appellants.

Hugh F. Drake (argued) and Dwight H. O'Keefe III, both of Brown, Hay & Stephens, of Springfield, for appellees.

JUSTICE TURNER delivered the opinion of the court:

In April 1999, plaintiffs, David and Marie Weaver, filed a single-count complaint against defendants, Robert and Nancy Cummins, seeking the enforcement of easement rights arising from a November 1995 grant of easement. After the trial court granted defendants' motion to dismiss the original count, plaintiffs filed an amended complaint seeking an easement by necessity over defendants' property. After holding an August 2000 evidentiary hearing, the trial court found plaintiffs were entitled to an easement by necessity over defendants' property. In October 2000, the trial court denied defendants' motion to reconsider. On appeal, defendants argue (1) plaintiffs failed to prove the necessity required for an easement by necessity and (2) the easement granted by the trial court is too broad. We affirm in part and vacate in part.

## I. BACKGROUND

In June 1993, Merle and Cheryl Buerkett (Buerketts) owned about 146 acres of property called "Preacher's Knob." At that time, the Buerketts had divided a portion of their property into three lots, with lots numbered two and three being commonly known as "flag lots." See Appendix A. A "flag lot" is a standard lot with a narrow strip of land ("flagpole") that connects the lot to a roadway. The Buerketts signed a declaration of easements, restrictions, and covenants, granting lots two and three a reciprocal easement over the road created by the two flagpoles for access to Irwin Bridge Road. As for the other lots, the grantors reserved for themselves and their assigns an easement to use the entire width of the roadway created by the two flagpoles for ingress and egress to and from Preacher's Knob.

In May 1993, the Buerketts conveyed plaintiffs' property to James and Vickie Cornwell (Cornwells). According to Merle Buerkett, the roadway across defendants' property existed when the Buerketts conveyed plaintiffs' property to the Cornwells. Plaintiffs' property is a triangle-shaped lot with 60 feet of frontage on Irwin Bridge Road. See Appendix A. Currently, a house is on the back portion of the property, and the roadway is the only means of access to the house. The Cornwells later conveyed the property to Harry and Marsha Long.

In August 1993, the Buerketts transferred the remaining land into the Cheryl L. Buerkett Irrevocable Living Trust (Trust). In April 1994, the trustee of the Trust conveyed defendants' property to defendants subject only to the declaration of easements. Defendants'

property has a 20-foot-wide flagpole adjacent to lot three's flagpole. See Appendix A.

In November 1995, the Buerketts granted the Cornwells an easement for the roadway over the flagpoles of lots two and three, defendants' property, and the larger tract (024). See Appendix A. The grant also included a 20-foot-wide easement connecting plaintiffs' property to the easement over the flagpoles. The roadway runs from Irwin Bridge Road over the various flagpoles, then curves to the left on defendants' flagpole, and continues straight across defendants' flagpole, eventually reaching plaintiffs' property.

In fall 1998, plaintiffs purchased their property. Plaintiffs own an antique-truck collection, which they display at antique shows. Plaintiffs use semitrailer trucks to transport their collection to the various shows. Although both plaintiffs and defendants have contributed to the maintenance of the roadway, plaintiffs themselves hired a contractor to widen the curved portion of the roadway in order for their semitrailer trucks to make the turn. The contractor began working on widening the curve when defendants stopped him.

In April 1999, plaintiffs filed suit against defendants, seeking to enforce the 1995 easement. Defendants filed a motion to dismiss, asserting the Buerketts had no right to grant an easement over their property. In July 1999, the trial court granted defendants' motion but allowed the plaintiffs to amend their complaint. That same month, plaintiffs filed an amended complaint, asserting they had an easement by necessity over defendants' property. In September 1999, defendants filed another motion to dismiss, which the trial court denied.

In April 2000, plaintiffs filed a motion for summary judgment. After a May 2000 hearing, the trial court granted plaintiffs' motion. Defendants filed a motion to reconsider, which the trial court granted.

In August 2000, the trial court held an evidentiary hearing. At the hearing, Gary Goodwin, a contractor, testified it would cost about $24,341.63 plus the cost of fill, a culvert, permits, and wetland reclamation for plaintiffs to build a roadway on their property from Irwin Bridge Road to their house. Michael P. Irwin, an engineer, testified such a road would cost about $68,850. Testimony was also presented indicating propane trucks, delivery trucks, and farm machinery now use the roadway.

After the evidentiary hearing, the trial court found plaintiffs had an easement by necessity over defendants' 20-foot flagpole along the current and existing roadway. The court further ordered plaintiffs could make only 12 round trips per year with their semitrailer trucks to transport their collection. Moreover, plaintiffs were responsible for any damages caused to the roadway by the semitrailer trucks. In

October 2000, the trial court denied defendants' motion to reconsider. This appeal followed.

## II. ANALYSIS

### A. Easement by Necessity

•1 To have an easement by necessity for access to a public road, plaintiffs had to prove (1) unity of title between their property and defendants' property followed by a separation of title and (2) no access to the public road, *i.e.*, necessity. See *Martin v. See*, 232 Ill. App. 3d 968, 978, 598 N.E.2d 321, 328 (1992). Defendants contend plaintiffs failed to prove the necessity element. This court will not disturb the trial court's finding of an easement by necessity unless it is contrary to the manifest weight of the evidence. *Smith v. Heissinger*, 319 Ill. App. 3d 150, 153, 745 N.E.2d 666, 671 (2001).

Plaintiffs presented testimony their property lacks reasonable access to Irwin Bridge Road. The lands of strangers border their property on all sides, except 60 feet of frontage on the road.

According to Irwin, a great deal of water runs down the ditch on plaintiffs' property along the road. Culverts would have to be installed to provide for the water. The area bordering the public road is a floodplain, and plaintiffs would need a permit from the Army Corps of Engineers to construct a road. Such a permit would require the construction of a pond to offset the amount of fill added to the floodplain. Moreover, safety concerns exist involving the frontage's proximity to a bridge.

In *Martin*, this court found the plaintiffs had an easement by necessity over the defendant's property where an irrigation ditch ran between the plaintiffs' property and the public road. *Martin*, 232 Ill. App. 3d at 980, 598 N.E.2d at 329. The defendant had argued the plaintiffs could construct a culvert over the ditch, allowing the plaintiffs to access the public road. *Martin*, 232 Ill. App. 3d at 979, 598 N.E.2d at 328. We held it would be unreasonable to require the plaintiffs to install a culvert over the ditch when the defendant's road already existed. *Martin*, 232 Ill. App. 3d at 980, 598 N.E.2d at 329.

Defendants argue this court applied the wrong necessity standard in *Martin*. They contend the three cases cited in *Martin* are all preexisting-use easements, not easements by necessity. See *Martin*, 232 Ill. App. 3d at 980, 598 N.E.2d at 328-29. Accordingly, we clarify the necessity requirement.

•2 Under Illinois law, two types of implied easements are recognized: the easement by necessity and the easement implied by a preexisting use. *Smith*, 319 Ill. App. 3d at 153, 745 N.E.2d at 670. Both types of easements arise from an inference of the intention of

the parties to a conveyance of land. Such an inference represents the courts' attempt to ascribe an intention to the parties who had failed to put their intention into words at the time of conveyance. *Granite Properties Ltd. Partnership v. Manns*, 117 Ill. 2d 425, 437, 512 N.E.2d 1230, 1237 (1987). To fill in the gaps, courts find particular facts suggestive of intent on the part of the parties to the conveyance. *Granite Properties*, 117 Ill. 2d at 437-38, 512 N.E.2d at 1237.

●3 While the establishment of an easement by necessity does not require the proof of preexisting use (see *Smith*, 319 Ill. App. 3d at 154, 745 N.E.2d at 670), proof of prior use is evidence of the parties' intent to create an easement (*Granite Properties*, 117 Ill. 2d at 438, 512 N.E.2d at 1237). Such evidence demonstrates the parties' intent not to render the land unfit for occupancy. To the extent evidence of prior use strengthens the implication, the extent of necessity required for implication is reduced. *Granite Properties*, 117 Ill. 2d at 440, 512 N.E.2d at 1238. Thus, even in easement-by-necessity cases, evidence of prior use may lower the necessity requirement because the goal of both implied easements is to fulfill the intent of the parties.

●4 Here, the record shows the road existed when the common grantor conveyed plaintiffs' property to the Cornwells. The preexisting use, therefore, reduces the extent of necessity required to be proved. Thus, plaintiffs are entitled to an easement by necessity if the easement is reasonable, highly beneficial, and convenient for the enjoyment of their property. See *Martin*, 232 Ill. App. 3d at 980, 598 N.E.2d at 329. Plaintiffs have established their need to use the road across defendants' land. Requiring plaintiffs to install culverts, build a pond, and bring in large amounts of fill to construct a potentially dangerous road is unreasonable when a road over defendants' property exists to allow plaintiffs safe access to the public road.

The record also contains evidence of the parties' intent. In 1995, after the conveyance to defendants, the common grantor gave plaintiffs an express easement for the entire road from plaintiffs' property to Irwin Bridge Road. While the easement failed as to the portion of the road over defendants' property, such easement was evidence of the parties' intent at the time of conveyance.

Accordingly, we hold the trial court's judgment granting plaintiffs an easement by necessity was not against the manifest weight of the evidence.

## B. Reasonable Use of Easement

Defendants also argue the easement granted by the trial court is too broad. Specifically, they assert the easement should not include semitrailer truck use. Plaintiffs argue no restrictions should have been placed on their use of the easement.

In determining the scope of the easement, recognition that an implied easement is the product of the intention of the parties to the conveyance is crucial. *Emanuel v. Hernandez*, 313 Ill. App. 3d 192, 196, 728 N.E.2d 1249, 1252 (2000). Here, the intent of the parties is evidenced by the dimensions of the roadway at the time of separation of title. Since the separation, plaintiffs have attempted to widen the road approximately three feet but were precluded from doing so. The trial court defined the scope of the easement as the "current and existing roadway." We understand the trial court's order to mean "the current and existing roadway," which does not include the unfinished widening.

•5 Plaintiffs, the owners of the dominant estate, are entitled to the necessary use of the easement. Necessary use has been defined as such use as is reasonably necessary for the full enjoyment of the premises. *Seymour v. Harris Trust & Savings Bank*, 264 Ill. App. 3d 583, 595, 636 N.E.2d 985, 994 (1994). The question of reasonableness is one of fact (*Seymour*, 264 Ill. App. 3d at 596, 636 N.E.2d at 994), and we will not disturb the trial court's finding unless it is against the manifest weight of the evidence or an abuse of discretion (see *In re Marriage of Carter*, 317 Ill. App. 3d 546, 551, 740 N.E.2d 82, 86 (2000)).

•6 Here, the weight of the evidence demonstrated the semitrailer trucks could not use the roadway at its current width because the roadway is too narrow at the turn located on defendants' property. Plaintiffs propose to use semitrailer trucks to transport their antique collection. Under plaintiffs' proposal, the semitrailer trucks might use the roadway up to four round-trips per month. Although the trial court limited the round-trips to 12 annually, the scope of the easement is too broad in nature. The implied easement allows plaintiffs reasonable ingress and egress to their property, but the record is devoid of evidence that the parties to the original conveyance contemplated the type of use plaintiffs proposed. Accordingly, the portion of the trial court's order permitting plaintiffs to transport their antiques with semitrailer trucks was against the manifest weight of the evidence.

## III. CONCLUSION

For the reasons stated, we affirm the judgment of the trial court finding an easement by necessity but vacate the portion of the judgment allowing plaintiffs to use semitrailer trucks on the roadway to transport antique trucks and making plaintiffs responsible for the repair of any damage caused by such usage.

Affirmed in part and vacated in part.

McCULLOUGH and COOK, JJ., concur.