**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 200531-U

Order filed November 15, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| JAMES D. MEIER, JR. and MELISSA K. MEIER, | ) ) ) | Appeal from the Circuit Court of the 13th Judicial Circuit, La Salle County, Illinois, |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | Appeal No. 3-20-0531 Circuit No. 18-CH-156 |
| | ) | |
| TOM HOURIGAN and KIM DOBYNS, | ) ) | Honorable Troy D. Holland, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE WRIGHT delivered the judgment of the court.
Justices Lytton and O'Brien concurred in the judgment.

**ORDER**

¶ 1     *Held*: The trial court did not err by granting defendant's motion for summary judgment on count I of plaintiffs' first amended complaint.

¶ 2     Plaintiffs, James D. Meier, Jr. and Melissa K. Meier, and defendant, Tom Hourigan, are successors-in-interest to a grant of easement between their two respective properties. Plaintiffs filed a first amended complaint against defendant, alleging defendant was claiming an interest in or interfering with plaintiffs' enjoyment of the property within the easement. Defendant filed a motion for summary judgment, which was partially granted by the trial court. Plaintiffs appeal.

¶ 3

¶ 4    In August 1992, plaintiffs acquired property at 210 S. Union Street in Leland, Illinois. Plaintiffs also acquired, as successors-in-interest, a grant of easement recorded on February 19, 1992. The easement included "[a] garage and driveway easement in recognition of and limited to the now existing frame garage, concrete apron and gravel driveway as shown in the Plat of Survey dated December 24, 1991." This easement was "for the benefit of and appurtenant to that land, or any portion of it, in The South Half of Lots 1 and 2 in Block 6" in Leland, Illinois. The easement was "specifically limit[ed] *** to the existing structures and their present use." The easement was to be "specifically and instantly revoked if Grantees, their successors or assigns, attempt[ed] to enlarge the existing area of encroachment *** or if th[e] easement [wa]s used for anything other than its present use as a driveway and garage for a single family residential unit."

¶ 5    On October 10, 2018, plaintiffs filed a three-count first amended complaint against defendant, who was a successor-in-interest to the original grantors of the easement.[1] Count I alleged plaintiffs' property was adjoined by and shared a driveway with defendant's property. By virtue of the grant of easement, plaintiffs alleged they had "a garage and driveway easement" on defendant's property. Nonetheless, defendant allegedly claimed an interest in plaintiffs' property by "threaten[ing] to block [plaintiffs'] access to the garage on the southerly half of the driveway easement," "remov[ing] items in the area in the property in question that is west of the garage," and "mow[ing] down flowers in the same area" without plaintiffs' permission. Defendant allegedly interfered with plaintiffs' enjoyment of "the 13.53 feet lying southerly of THE SOUTH

---

[1]Plaintiffs' first amended complaint was also filed against Kim Dobyns. However, on August 13, 2020, plaintiffs voluntarily dismissed their first amended complaint against Dobyns.

½ of LOTS 1 AND 2 IN BLOCK 6" in Leland, Illinois. Plaintiffs requested an order that recognized the existence of the recorded easement.[2]

¶ 6        On February 8, 2019, defendant filed an answer to plaintiffs' first amended complaint, denying that his and plaintiffs' respective properties shared a driveway. Instead, defendant admitted that portions of the driveway are located on property owned by both plaintiffs and defendant. Defendant admitted the existence of an easement, recorded on February 19, 1992, and the fact that plaintiffs are successors to the original grantees of that easement. Defendant denied that he was claiming an interest in or are interfering with plaintiffs' enjoyment of the easement.

¶ 7        On January 23, 2020, defendant filed a motion for summary judgment under section 2-1005 of the Code of Civil Procedure (Code).[3] 735 ILCS 5/2-1005 (West 2018). Defendant argued, *inter alia*, the grant of easement "speaks for itself" and does not include the property described in plaintiffs' first amended complaint, namely, "the 13.53 feet lying southerly of THE SOUTH ½ of LOTS 1 AND 2 IN BLOCK 6" in Leland, Illinois. Therefore, defendant argued he was entitled to summary judgment on count I of plaintiffs' first amended complaint.

¶ 8        On February 18, 2020, plaintiffs filed a response to defendant's motion for summary judgment, arguing the easement is appurtenant to all portions of land in the southern halves of Lots 1 and 2. Therefore, according to plaintiffs, the easement extends from the southeasterly line to the northwesterly line of plaintiffs' property. Between the legal documents and testimony of record, plaintiffs argued there was a genuine issue of material fact barring summary judgment.

---

[2]Only count I is at issue on appeal. Counts II and III were subsequently resolved at a bench trial and are not the subject of challenges in this appeal.

[3]Defendant's motion for summary judgment was initially filed by himself and Dobyns. However, on August 13, 2020, Dobyns voluntarily withdrew her motion for summary judgment.

¶ 9        On August 13, 2020, the trial court took defendant's motion for summary judgment under advisement. On September 17, 2020, the trial court granted defendant's motion for summary judgment on count I of plaintiffs' first amended complaint, finding the grant of easement was clear and unambiguous as to the property included within the easement. The trial court stated:

"The easement is appurtenant in the sense that it benefits the land owned by the Plaintiffs and the occupancy of their property. The recorded easement allows the present portion of the driveway and the portion of the garage that encroach on Defendant's property to continue with their present use. However, the recorded easement clearly does not include the property in dispute ***.

The Court finds there is no controversy or cause of action to decide as to Count I, the recorded easement grants Plaintiffs no right to the property in dispute, as a matter of law. Further, Plaintiff has failed to come forward with evidence that Defendant has prevented Plaintiffs[] from using the recorded easement or that Defendant has interfered with Plaintiffs' use of the recorded easement."

¶ 10       On December 21, 2020, plaintiffs filed a timely notice of appeal.

¶ 11                                    II. ANALYSIS

¶ 12       The sole issue presented in this appeal is whether the trial court erred by granting defendant's motion for summary judgment on count I of plaintiffs' first amended complaint due to a purported ambiguity in the language of the recorded grant of easement. Plaintiffs argue the trial court should have considered extrinsic evidence to determine the property contained within the easement. Consequently, plaintiffs request that we review the record and conclude that the easement benefits the entire property line between the two properties. Defendant argues the

4

language of the grant of easement is unambiguous, such that the trial court's grant of summary judgment for defendant, without considering extrinsic evidence, should be affirmed.

¶ 13 Summary judgment "shall be rendered without delay if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2-1005(c) (West 2020). Summary judgment is a drastic measure that is appropriate only if the movant's right is clear and free from doubt. *Seymour v. Collins*, 2015 IL 118432, ¶ 42. Summary judgment is inappropriate where there is a genuine issue of material fact, reasonable persons could draw divergent inferences from the undisputed material facts, or reasonable persons could differ on the weight to give to the factors of a legal standard. *Id*. When considering a motion for summary judgment, the trial court construes the record strictly against the movant and liberally for the nonmovant. *Id*. Our review of a trial court's grant of summary judgment after interpreting a grant of easement is *de novo*. See *id*.; *Cross v. O'Heir*, 2013 IL App (3d) 120760, ¶¶ 25-26 (citing *Smith v. Heissinger*, 319 Ill. App. 3d 150, 153 (2001)); *527 S. Clinton, LLC v. Westloop Equities, LLC*, 2014 IL App (1st) 131401, ¶ 28.

¶ 14 An easement confers a right or privilege in the use of another person's property, but not an ownership interest in that property. See *Cross*, 2013 IL App (3d) 120760, ¶ 24 (citing *Hahn v. County of Kane*, 2012 IL App (2d) 110060, ¶ 10). An easement may be expressly granted in a legal instrument, which then determines the scope of the easement. See *Bjork v. Draper*, 381 Ill. App. 3d 528, 538 (2008) (citing *Duresa v. Commonwealth Edison Co.*, 348 Ill. App. 3d 90, 101 (2004)). Relevantly, an easement appurtenant is "created to benefit another tract of land, the use of easement being incident to the ownership of that other tract." *Kankakee County Board of*

5

*Review v. Property Tax Appeal Board*, 226 Ill. 2d 36, 53 (2007) (citing Black's Law Dictionary 549 (8th ed. 2004)). The easement appurtenant "runs with the land and may be transferred." *Id.*

¶ 15    A legal instrument creating an easement is construed according to the parties' intentions, which are ascertained from the words in the instrument and the contemporaneous circumstances of the transaction. *Cross*, 2013 IL App (3d) 120760, ¶ 25 (citing *Hahn*, 2012 IL App (2d) 110060, ¶ 12); accord *Westloop Equities*, 2014 IL App (1st) 131401, ¶ 28. If the legal instrument is facially unambiguous, then it is interpreted without the use of extrinsic evidence. See *Cross*, 2013 IL App (3d) 120760, ¶ 26 (citing *Hahn*, 2012 IL App (2d) 110060, ¶ 12); accord *Westloop Equities*, 2014 IL App (1st) 131401, ¶ 28; see also *Bjork*, 381 Ill. App. 3d at 538 ("Where an easement exists by express grant, and the language thereof is clear and free from doubt, the use of the easement must be confined to the terms and purposes of the grant."). It is only where the legal instrument is ambiguous that extrinsic evidence may be used as an aid to interpretation. See *Cross*, 2013 IL App (3d) 120760, ¶ 26 (citing *Smith*, 319 Ill. App. 3d at 153); see also *McMahon v. Hines*, 298 Ill. App. 3d 231, 236 (1998) ("The practical construction given to the instrument granting the easement by the parties' conduct is to be considered only if there is an ambiguity."). Courts construe a grant of easement strictly, as to allow the greatest use of the property by its owner. *Westloop Equities*, 2014 IL App (1st) 131401, ¶ 28; accord *Bjork*, 381 Ill. App. 3d at 538.

¶ 16    Here, we determine whether there is an ambiguity in the language of the grant of easement, which grants "[a] garage and driveway easement in recognition of and limited to the now existing frame garage, concrete apron and gravel driveway." The grant of easement also provides that the easement is "specifically limit[ed] *** to the existing structures and their present use." As such, the language of the grant of easement includes express limitations by reference to the present use of "existing structures," manmade in nature, and defined as "the now

6

existing frame garage, concrete apron and gravel driveway." As a result, we conclude that the language granting the easement is facially unambiguous, as to preclude the use of extrinsic evidence when interpreting and considering the scope of the grant of easement. In doing so, we note that the easement is "for the benefit of and appurtenant to that land, or any portion of it, in The South Half of Lots 1 and 2 in Block 6." However, this language does not create an ambiguity in the language granting and expressly limiting the easement at issue in this case.

¶ 17    For these reasons, we conclude defendant's motion for summary judgment on count I of plaintiffs' first amended complaint was properly granted by the trial court.

¶ 18                                III. CONCLUSION

¶ 19    The judgment of the circuit court of La Salle County is affirmed.

¶ 20    Affirmed.